**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
info@gauntlettlaw.com
James A. Lowe (SBN 214383)
jal@gauntlettlaw.com
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050

Attorneys for Plaintiffs
Ad.Com Interactive Media, Inc.,
Cheap Stuff, Inc., Local Pages, Inc.,
Avi Bibi, Danny Bibi

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| AD.COM INTERACTIVE MEDIA, INC., A California Corporation; CHEAP STUFF, INC., A California Corporation; LOCAL PAGES, INC., A California Corporation; AVI BIBI, an individual; DANNY BIBI, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>GREAT AMERICAN E&S INSURANCE COMPANY, a division of AMERICAN FINANCIAL GROUP, INC. an Ohio Corporation,<br><br>Defendants. | Case No.: 2:16-cv-7150<br><br>**COMPLAINT FOR:**<br><br>**(1) DECLARATORY JUDGMENT;**<br>**(2) BREACH OF CONTRACT;**<br>**(3) BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**<br>**(4) ESTOPPEL TO CLAIM A RIGHT TO MEDIATION**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

In this insurance coverage matter, Plaintiffs Ad.Com Interactive Media, Inc., Cheap Stuff, Inc., Local Pages, Inc., Avi Bibi and Danny Bibi (hereafter "AdMedia Plaintiffs") seek a declaratory judgment that GREAT AMERICAN E&S INSURANCE COMPANY (hereafter "Great American"), a division of American Financial Group, Inc.. owed a duty to defend the AdMedia Plaintiffs in the Cross-Complaint in the *Cheap Stuff I and II* lawsuits; (2) Great American must reimburse the AdMedia Plaintiffs for all the defense expenses they incurred in that action, plus prejudgment interest at the applicable legal rate from the date of invoice; (3) Great American has breached its duty of good faith and fair dealing to these AdMedia Plaintiffs; and (4) Great American is estopped from now claiming the right to mediation under the Policy.

## JURISDICTION

1. This is an action for declaratory relief and breach of contract pursuant to 28 U.S.C. § 2201. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that complete diversity exists between the parties as the AdMedia Plaintiffs have at all relevant times been located within the State of California, and defendant Great American (and its holding company, American Financial Group, Inc.) are Ohio corporations with the principal place of business in Ohio.

2. The amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000) exclusive of interest and costs and, in addition to other and further relief, declaratory relief sought. This is because the AdMedia Plaintiffs incurred post-tender defense costs in excess of $75,000.00 defending claims made in lawsuits styled as *Cheap Stuff, Inc. v Yahoo!, Inc.*, Los Angeles County Superior Court Case no. BC497532 (the "*Cheap Stuff I*" Action) and *Cheap Stuff, Inc. v Yahoo!, Inc.*, Los Angeles County Superior Court Case no. EC062557 (the "*Cheap Stuff" II* Action).

## THE PARTIES

3. Ad.Com Interactive Media, Inc. is a California Corporation with its principal place of business in Los Angeles County, California. Cheap Stuff, Inc. is a

California Corporation with its principal place of business in Los Angeles County, California. Local Pages, Inc. is a California Corporation with its principal place of business in Los Angeles County, California. Avi Bibi and Danny Bibi are individuals located in Los Angeles County, California.

4. Great American is, and at all times herein mentioned, was an insurance company organized and existing under the laws of the state of Ohio with its principal place of business in Cincinnati, Ohio. Great American is admitted to transact insurance business in the state of California.

## VENUE AND APPLICABLE LAW

5. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(a) and (c) in that Plaintiffs Ad.Com Interactive Media, Cheap Stuff, Inc., Local Pages, Inc., Avi Bibi and Danny Bibi maintained their principal place of business in Los Angeles County, California during all times relevant to this action.

6. Great American is an insurance company actively selling insurance policies in California and is licensed to sell insurance by the California Department of Insurance. Great American sold the insurance policy at issue in this case to a business in the Central District of California. If the Central District of California were a separate state, Great American would have sufficient contacts to be subject to personal jurisdiction in this District.

7. Venue is proper in this district because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District. This complaint concerns a contract for liability insurance sold by Great American to Ad.Com Interactive Media (the "Great American Policy") created in the Central District where Great American actively sells insurance policies and where Ad.Com Interactive Media received the pertinent policy.

8. The alleged wrongful conduct described in the underlying complaints (the "*Cheap Stuff I and II* complaints and cross-complaints") purportedly occurred

within the Central District of California.

9. The *Cheap Stuff I and II* actions were filed in Los Angeles County Superior Court.

10. The Great American policy was intended to cover the AdMedia Plaintiffs' business operations throughout California, including the Central District of California, as well as throughout the United States.

11. The substantive rights of the parties are governed by the law of California because the contract at issue in this case was executed in California, there is no evidence that the parties did not intend to contract pursuant to the laws of the state of California, the underlying claim arises in California, and the policies and interests of California would be most seriously impaired if it laws were not applied. Moreover, the performance required by this policy, the performance of attorneys' defense services, occurred within the Central District of California.

## THE GREAT AMERICAN POLICY

12. Great American issued to Ad.Com Interactive Media its Converging Risk Liability Policy, Policy no. THP1331748 with the effective dates of 10/10/12 to 10/10/13 (the "Policy")**[Exhibit "A"]**.

13. This Policy promised that Great American would defend and indemnify Ad.Com Interactive Media, Inc. from any claims arising out of "Professional and Technological Services":

> General Terms and Conditions
>
> [. . .]
>
> Section II. Definitions
>
> [. . .]
>
> B. Claim means:
>
> (1) any written notice received by an Insured that it is the intention of any person or entity to hold the Insured responsible for monetary damages or injunctive relief; or

(2) any judicial, administrative or other proceeding against an Insured, or formal commencement of an investigation against an Insured. **[Exhibit "A" at 3]**

. . .

DD. Professional or Technology Services means the services listed in ITEM 4 of the Declarations. If ITEM 4 of the Declarations is blank, Professional or Technology Services shall mean all services performed by or on behalf of any Insured.

EE. Professional or Technology Services Wrongful Act means an actual or alleged negligent act, error or omission actually or allegedly committed by or on behalf of the Insured in the performance of Professional or Technology Services. **[Exhibit "A" at 7]**

. . .

Section VII. Defense and Settlement

A. The Insurer shall have the right and duty to defend any Claim covered under any Liability Coverage Part. **[Exhibit "A" at 12]**

. . . .

Section IX. Notice

With respect to any coverage provided under any Liability Coverage Part or Non-Liability Coverage Part, the Insureds shall, as a condition precedent to their rights under this Policy, give the Insurer notice in writing as required by the applicable Liability Coverage Part or NonLiability Coverage Part.

Section X. Claim First Made

All Claims (or Related Claims) shall be deemed to have been made on the earlier of the following dates: the earliest date on which any such Claim (or Related Claim) was first made; or the earliest date on which any Wrongful Act or (Related Wrongful Act) giving rise to such Claim was reported under this Policy or any other policy providing similar coverage. **[Exhibit "A" at 13]**

. . . .

**Coverage Part B**

**Professional and Technology Services Liability**

Insuring Agreement

[. . .], the Insurer shall pay on behalf of the Insured all Loss, in excess of the Retention, arising from any Claim first made against such Insured during the Policy Period or Discovery Period for a Professional or Technology Services Wrongful Act, where such Professional or Technology Services Wrongful Act was committed on or after the Retroactive Date set forth in the COVERAGE SCHEDULE of the Declarations and before the expiration of the Policy Period.

Section II. Definitions

The following definition applies only to this Coverage Part and is in addition to those set forth in Section II of the General Terms and Conditions:

A. Wrongful Act means a Professional or Technology Services Wrongful Act. **[Exhibit "A" at 25]**

. . . .

Section III. Exclusions

The Insurer shall not be liable under this Coverage Part to

**COMPLAINT**

pay Loss (including Costs of Defense):

. . . .

C. based upon or arising out of any Claim for:

(1) any actual or alleged breach of any express or implied contract, agreement, warranty or guarantee, including but not limited to any express or implied contract or agreement to pay royalties or to account for same, except that this exclusion shall not apply to:

a. any liability that an Insured would have incurred in the absence of such contract, agreement warranty or guarantee; or

b. any actual or alleged breach of any express or implied contract or agreement entered into by an Insured for the provision of Professional or Technology Services if the alleged breach arises out of the Insured's negligent performance of such services **[Exhibit "A" at 25-26]**

. . . .

Section IV. Notice of Claims and Circumstances

B. If, during the Policy Period or Discovery Period, any Insured first becomes aware of a specific Wrongful Act and gives notice to the Insurer of:

(1) the specific Professional or Technology Services Wrongful Act;

(2) the injury or damage that has or may result therefrom; and

(3) the circumstances by which the Insured first became aware thereof;

then any Claim arising out of such Professional or

Technology Services Wrongful Act that is subsequently made against the Insured shall be deemed to have been made at the time the Insurer received such written notice from the Insured. **[Exhibit "A" at 27]**

14. Parties Local Pages, Inc., and Cheap Stuff, Inc., as wholly-owned subsidiaries of Ad.Com Interactive Media, are covered as "Subsidiaries and Insureds" under the Policy. Avi Bibi and Danny Bibi, as past and present directors, officers, management committee members, Employees or natural person general partners of Ad Media, Local Pages and/or Cheap Stuff, are also Insureds under the Policy.

## NATURE OF THE CASE

15. This is an insurance coverage lawsuit seeking to establish that Great American had a duty to defend the *Cheap Stuff* Cross-Complaints from the date of tender and to pay all necessary and reasonable defense expenses from that date forward.

## TENDER AND FAILURE TO EVALUATE DUTY TO DEFEND

16. Yahoo Inc. first made affirmative claims against the AdMedia Plaintiffs in correspondence dated November 19, 2012, from Yahoo to Cheap Stuff which claimed various breaches of their Agreement. Later, in affirmative defenses in Yahoo's Answer to Complaints filed by Cheap Stuff, Inc. in *Cheap Stuff v. Yahoo! Inc.,* Los Angeles County Superior Court Case No. BC497532, Yahoo made these same allegations. **[Exhibit "B," 3rd, 4th, 12th, 14th, 15th, 18th, 19th, 20th Affirmative Defenses]**

17. Great American received written notice of claim from Daniel DeLue, AdMedia's attorney, on November 26, 2012.

18. On February 11, 2013, Great American first acknowledged the tender demands. On March 28, 2013, Great American issued a "generic" reservation of rights letter**[Exhibit "C"]**, and conducted no further inquiry into the rights of its insured. The BC 497532 case was dismissed without prejudice in January of 2014.

19. On June 24, 2014, Attorney DeLue provided Defendant Great American with an invoice from Yahoo! again documenting Yahoo's claim in writing and again requesting a defense of the AdMedia Plaintiffs under the Policy. Great American acknowledged receipt of that letter in its letter of July 23, 2014 which again issued a "generic" reservation of rights letter **[Exhibit "D."]** without conducting any investigation into the claims against its AdMedia Plaintiffs. **[Exhibit "D" at 2, ¶3** ("unable to provide a more substantive response … based upon the information received.")**]**

20. Cheap Stuff and Ad.com refilled their action against Yahoo! (*Cheap Stuff, Inc. v. Yahoo!*, Los Angeles County Superior Court Case No. EC062557 ("*Cheap Stuff II*"). Yahoo! then, on July 27, 2014, filed a Cross-Complaint against the AdMedia Plaintiffs alleging breach of contract, fraudulent inducement, and breach of implied-in-law contract/unjust enrichment; all of which arose out of the original dispute of November 2012 which had been properly tendered to Great American.

21. On August 1, 2014, Attorney DeLue again tendered the cross-complaint to Great American. On August 27, 2014, Great American acknowledged the August 1, 2014 letter, with yet another generic reservation of rights letter -- but, for the first time, requested a copy of the *Cheap Stuff II* complaint. **[Exhibit "E."]** On September 22, 2014, Great American acknowledged receipt of the Complaint and asked for a copy of the Cross-Complaint. **[Exhibit "F."]** After that, Great American did not otherwise respond to the tender and defense demand until **May 5, 2015.**

22. On May 5, 2015, *for the first time since the original tender of November 26, 2012* Great American, through coverage counsel, provided an initial analysis of the Cross-Complaint allegations and requested a large amount of additional information. **[Exhibit "G".]** The Great American requests asked for information prior to November 2012 in an attempt to defeat, and not provide, the Policy coverage. **[Exhibit "G" at p.6, ¶1.]**

23. The AdMedia Plaintiffs, having defended themselves at their own

8

expense since 2012 and, under the most recent Amended Cross-Complaint **[Exhibit "J"]** for nine months, proceeded to provide voluminous documentation to Great American.

24. Finally, in a letter dated December 18, 2015 (more than **three years** after original tender), Great American acknowledged its duty to defend the AdMedia Plaintiffs **[Exhibit "H."]**. Great American stated it "will pay on behalf of [its] insureds the Costs of Defense incurred in defending the Amended Cross-Complaint." **[Exhibit "H" p.5, last ¶]** In this letter, coverage counsel acknowledged the initial date of tender to be November 15, 2012 ("Although the 2012 letter was not itself a Claim, to the extent the Amended Cross-Complaint arises out of Professional or Technology Services Wrongful Acts alleged in that 2012 letter, the Amended Cross-Complaint will be deemed to have been made as of November 15, 2012, when Great American received the initial notice that later was supplemented by the 2012 letter) **[Exhibit "H" at 4, ¶2].**

25. In a letter dated April 13, 2016, attorney Matthew J. Hafey, on behalf of the AdMedia Plaintiffs, demanded payment of the AdMedia Plaintiffs' defense fees to date (since November of 2012) **[Exhibit "I" at p. 3-4.]**

26. This demand was based on Great American's failure to immediately acknowledge the duty to defend, and the harms suffered by the AdMedia Plaintiffs by the interminable delay. To date, none of these invoices has been satisfied by Great American.

27. Great American had a broad duty to defend the AdMedia Plaintiffs, in the *Cheap Stuff I and II* actions. This duty was triggered by fact allegations in the Amended Cross-Complaint **[Exhibit "J"]** that evidence the purported Professional or Technology Services Wrongful Act(s):

28. Amended Cross-Complaint ¶ 21 alleged:
> After executing the Local Pages Agreement, Cross-Defendants A vi Bibi, Danny Bibi, Local Pages, AdMedia,

9

COMPLAINT

and Cheap Stuff displayed and/or distributed keyword advertisements (also known as sponsored ads or sponsored results) of third party websites who have direct or indirect relationships with Yahoo. **[Exhibit "J" at 4]**

29. Amended Cross-Complaint ¶ 22 alleged:

Despite section 3 of Attachment B to the Cheap Stuff Agreement, Cross-Defendants Avi Bibi, Danny Bibi, Cheap Stuff, and AdMedia, used websites, software applications and domains other than those listed as Publisher's Offerings in the Cheap Stuff Agreement for services similar to those covered by the Cheap Stuff Agreement. **[Exhibit "J" at 4]**

30. Amended Cross-Complaint ¶ 23 alleged:

23. Despite section 6 of Attachment B to the Cheap Stuff Agreement, Cross-Defendants failed to pay to Yahoo amounts refunded to advertisers in excess of Yahoo's payment to Cheap Stuff. **[Exhibit "J" at 4]**

31. Amended Cross-Complaint ¶ 24 alleged:

24. Despite section 18 of Attachment B to the Cheap Stuff Agreement, Cross-Defendants caused and/or permitted abuses of Yahoo's services as set forth in section 18, including, but not limited to, queries or clicks generated by automated or fraudulent means. **[Exhibit "J" at 4]**

32. Amended Cross-Complaint ¶ 27 alleged:

Cross-Defendants breached their obligations under the Cheap Stuff Agreement by, among other things: (1) using websites, software applications and domains other than those listed as Publisher's Offerings in the Cheap Stuff Agreement for services similar to those covered by the

10

Cheap Stuff Agreement; (2) failing to pay to Yahoo amounts refunded to advertisers in excess of Yahoo's payment to Cheap Stuff; and (3) causing or permitting abuses of Yahoo' J services as set forth in section 18 of the Cheap Stuff Agreement, including, but not limited to, queries or clicks generated by automated or fraudulent means. . ... **[Exhibit "J" at 5]**

33. Amended Cross-Complaint ¶¶40-41 alleged:

40. Cross-Defendants received, retained, and/or appropriated benefits, in the form of payments from Yahoo.

41. Cross-Defendants have unjustly retained such benefits and the circumstances are such that equity requires Cross-Defendants to make restitution to Yahoo. **[Exhibit "J" at 7]**

34. Subsequent to December 18, 2015, Great American engaged counsel to defend the Cross-Complaint claims.

35. However, during litigation after that date, the AdMedia Plaintiffs have encountered numerous incidents where counsel retained by Great American has deferred to it for any defense expense whatsoever. Examples of Great American's refusal to fund a meaningful defense, conduct discovery, assist retained counsel; engage expert witnesses, or other necessary costs of litigation include:

• Failing to pay for necessary expert witness;

• Failing to pay for additional independent counsel for the AdMedia Plaintiffs;

• Allotting inadequate time for prior counsel to bring retained counsel "up to speed" on significant defense to the counterclaims;

• Failing to conduct any meaningful written discovery;

• Engaging defense counsel outside of the specialty area involved in the Cross-Complaint (internet commerce and advertising).

36. On September 15, 2016, counsel for the AdMedia Plaintiffs sent a letter to coverage counsel for Great American.**[Exhibit "K".]** That letter cited the Dispute Resolution provision of the Policy:

> Section XXIII. Dispute Resolution
>
> It is agreed that any disputes or disagreements that arise in connection with this Policy and cannot be resolved through informal negotiation shall be resolved according to the dispute resolution process set forth herein. The party asserting a dispute or disagreement shall notify the other party in writing of such dispute or disagreement. The other party shall respond to such notice in writing within ten (10) days after receiving it, and the parties shall hold at least one telephone conference or meeting within twenty (20) days after the date of the original written notice asserting the dispute or disagreement. If the parties have not resolved the dispute or disagreement to their mutual satisfaction within thirty (30) days after the original written notice asserting such dispute or disagreement, then the parties shall submit the dispute or disagreement to mediation to be held in Kansas City, Missouri, in accordance with the Commercial Mediation Procedures of the American Arbitration Association, with the mediator's expenses and fees to be split equally by the parties. If the dispute or disagreement has not been resolved to the mutual satisfaction of the parties upon conclusion of the mediation process, then either party may file suit in any court having jurisdiction over the parties and the subject matter of the dispute or disagreement.
>
> **[Exhibit "A" at 16]**

37. On September 15, 2016, the AdMedia Plaintiffs requested an immediate mediation of the issues raised by this Complaint; given that the "notice" provision of the paragraph have previously been satisfied by the interactions between the parties are described herein.

38. As of the date of this filing, the AdMedia Plaintiffs have not received any response to their demand for mediation under the Policy. Absent any such response and its failure to demand mediation, a duty to defend arises.

## FIRST CAUSE OF ACTION

### (Declaratory Relief – Duty to Defend)

39. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

40. A valid contract existed between the AdMedia Plaintiffs and Great American, namely the Great American Policy.

41. The AdMedia Plaintiffs fully performed all of the obligations and conditions to be performed by them under the Great American Policy or has been excused from performing same as a result of Great American's breach of its duty to defend in a timely manner; and breach of its duty to investigate on behalf of its AdMedia Plaintiffs .

42. By issuing and delivering the Policy, Great American agreed to provide a defense for suits seeking damages for a "Professional or Technology Services Wrongful Act" as defined in its Policy.

43. Great American is obligated under the Policy to pay attorneys' fees and costs incurred in the defense of the *Cheap Stuff I and II* actions. Great American breached its duties to the AdMedia Plaintiffs by failing to provide a defense even though the *Cheap Stuff I* correspondence, demands and affirmative defenses; as well as the *Cheap Stuff II* Amended Cross-Complaint, expressly contained fact allegations that evidence the AdMedia Plaintiffs' purported "Professional or Technology Services Wrongful Act(s)".

44. An actual bona fide controversy exists between the AdMedia Plaintiffs, on the one hand, and Great American, on the other, that requires judicial declaration by this Court of the parties' rights and duties regarding Great American's duty to defend the AdMedia Plaintiffs and as to the amount of defense expenses owed by Great American.

## SECOND CAUSE OF ACTION
### (Breach of Contract – Duty to Defend)

45. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

46. Great American breached, and continues to breach its duty to defend the AdMedia Plaintiffs in the *Great Stuff I and II* actions.

47. Prior to December 18, 2015, Great American steadfastly failed and refused to fully investigate and defend the AdMedia Plaintiffs in the *Great Stuff* suits. Because Great American failed and refused to defend the AdMedia Plaintiffs in the *Great Stuff* suit, the AdMedia Plaintiffs were forced to retain and pay defense counsel on their own. Following its recognition of a defense it failed to provide independent counsel, subject to reasonable rates of reimbursement applicable here due to its failure to acknowledge that right owed to the AdMedia Plaintiffs.

48. As a direct and proximate result of the breach by Great American, the AdMedia Plaintiffs suffered damages and are entitled to damages in the form of unreimbursed attorneys' fees, litigation costs and expenses incurred by the AdMedia Plaintiffs, plus pre-judgment interest thereon from the date of each invoice at the legal rate of 10% (pursuant to Calif. Civil Code § 3287(a)).

## THIRD CAUSE OF ACTION
### (Breach of Duty Of Good Faith And Fair Dealing)

49. Plaintiffs incorporate by reference all preceding paragraphs as though

fully set forth herein.

50. Subsequent to December 18, 2015, Great American offered a "defense" to the AdMedia Plaintiffs.

51. However, Great American has failed and refused to pay for a number of services and fees incident to this litigation including, but not limited to, failing to pay for necessary expert witnesses; failing to pay for additional independent counsel for the AdMedia Plaintiffs; allotting insufficient time for prior counsel to bring retained counsel "up to speed" on counterclaims of this magnitude and for no other services; failing to conduct any meaningful written discovery; and failing to engage counsel versed in the legal area raised by the Yahoo! Cross-Complaint.

52. At every turn, and on every request for defense or other services, Great American or its coverage counsel, has continually refused to pay for additional attorney assistance; expert witness analysis deposition costs; discovery costs and other payments necessary for a worthwhile defense.

53. Great American, under its Policy with the AdMedia Plaintiffs, owed the AdMedia Plaintiffs an absolute duty of good faith and fair dealing. This includes, *inter alia*, the duty not to deprive the Insured of the benefits of its contract.

54. Great American, by failing and/or refusing to pay for necessary litigation expense in the defense of the Cross-Complaint, has and continues to deprive the AdMedia Plaintiffs of any meaningful defense.

55. As a direct result of Great American's failure to provide a meaningful defense, the AdMedia Plaintiffs have been harmed in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### (Estoppel)

56. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

57. Between December 18, 2015 and the present, Great American had the right under the Policy to submit the issue of necessary defense costs and expenses to

"Dispute Resolution" calling for mediation before initiation of a lawsuit.

58. Great American knew of, but chose not to act under the "Dispute Resolution" provisions of the Policy. Instead, Great American chose to simply ignore the costs and expenses fronted by the AdMedia Plaintiffs. By failing to pay those invoices despite repeated demands, Great American showed its intent to claim there was no "dispute" and in fact elected to not resolve the dispute. By ignoring "the dispute" or its resolution. Great American, by failing to act, in fact acted to deprive the AdMedia Plaintiffs of the defense costs incurred prior to December 18, 2015.

59. Great American expressly failed to accede to AdMedia's request for mediation within the reasonable time request, offered no other proposal for a time for mediation or other proposed resolution. In light of Great American's continued failure to respond to this request or initiate mediation, it is barred from seeking such relief now.

60. Great American acted and intended for the AdMedia Plaintiffs to believe it would pay those costs; when all that occurred were delay and silence.

61. Great American did not respond to the Insured's request for immediate mediation prior to the filing of this Action.

62. The AdMedia Plaintiffs reasonably relied on the statements by Great American and its counsel, to their detriment, that a "defense would be provided" and related back to the original tender in November of 2012. The AdMedia Plaintiffs, having paid for their own defense for years, have been harmed by this delay by the debts incurred for what Great American asserted would be reimbursed expenses.

63. The AdMedia Plaintiffs should not be further delayed or harmed by Great American now requiring a mediation where (a) Great American has failed or refused to seek such relief for nearly a year and (b) the AdMedia Plaintiffs demanded such mediation without success. Moreover Great American, by its failure to defend, is estopped and otherwise barred from pursuing a Dispute Resolution procedure which it had failed to implement despite numerous exchanges over fee reimbursement.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant Great American as follows:

1. That the Court issue judgment declaring Great American had a duty to defend the AdMedia Plaintiffs under the Converging Risk Liability Policy it issued to the AdMedia Plaintiffs against claims asserted in the *Great Stuff I and II* matters by Yahoo! Inc. through independent counsel selected by the AdMedia Plaintiffs at reasonable rates;

2. A determination and award of general damages consisting of all reasonable defense expenses incurred by the AdMedia Plaintiffs in defense of the claims asserted in the *Great Stuff I and II* actions, with pre-judgment interest accruing thereon from the date of each invoice at the legal rate of 10% per annum;

3. A determination that Great American breached its duty of good faith and fair dealing by failing and/or refusing to pay the AdMedia Plaintiffs' reasonable and necessary costs of defending the Amended Cross-Complaint; and a determination and award of general and special damages resulting from this breach.

4. That the Court issue judgment declaring Great American is estopped and barred from requiring "Dispute Resolution" (e.g., mediation) under the Policy.

5. For costs of suit herein; and

6. For such other and further relief as this Court may deem just and proper.

# REQUEST FOR JURY TRIAL

Ad.Com Interactive Media, Inc., Cheap Stuff, Inc., Local Pages, Inc., Avi Bibi, and Danny Bibi hereby request a trial by jury in this matter.

Dated: September 21, 2016                     **GAUNTLETT & ASSOCIATES**

By:   /s/ David A. Gauntlett
        David A. Gauntlett
        James A. Lowe

Attorneys for Plaintiffs

**COMPLAINT**

1  Ad.Com Interactive Media, Inc., Cheap
2  Stuff, Inc., Local Pages, Inc., Avi Bibi, Danny Bibi.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28